IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AZARI ALMUTAIRI *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> THE JOHNS HOPKINS HEALTH SYSTEM CORPORATION, *et al.*, <br> *Defendants*. | Civil No. ELH-15-2864 |

**MEMORANDUM**

In this Memorandum, I consider plaintiff's motion to remand this medical malpractice action to a Maryland State court.

On September 14, 2015, Azari Almutairi and her husband, Ahmad A. Almutairi, plaintiffs, filed suit in the Circuit Court for Baltimore City against the following defendants: The Johns Hopkins Health System Corporation; The Johns Hopkins Hospital, Inc.; The Johns Hopkins University; Johns Hopkins Bayview Medical Center, Inc.; Mahmoud Malas, M.D.; Thomas Reifsnyder, M.D.; and Johns Hopkins Community Physicians, Inc. ECF 2, Complaint. Plaintiffs allege that Ms. Almutairi underwent leg surgery at Johns Hopkins Hospital in 2012 and that "negligence on [the] part of Defendants undermined the success of the procedure, and caused her to experience, emotional and physical pain and suffering, mental anguish, disability, disfigurement, including surgical amputation of her leg, and economic loss, past, present and future." ECF 2 at 3 ¶ 1.[1]

---

[1] The Complaint states, ECF 2 at 8 ¶ 19: "In 2012, Mrs. Almutairi came under the care of Defendants Dr. Scott Lifchez, plastic surgeon, Dr. Mahmoud Malas, vascular surgeon, and Dr.

The suit seeks unspecified damages for medical negligence and loss of consortium. *See id.* at 14-20. But, in the "Civil – Non-Domestic Case Information Report" that plaintiffs filed with the Circuit Court for Baltimore City on September 14, 2015, they stated that they sought "Over $100,000" in "Damages/Relief." ECF 2-3 at 1.

On September 22, 2015, before service was effected, defendants removed the case to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as well as §§ 1441 and 1446. ECF 1, Notice of Removal. Defendants asserted that they are citizens of Maryland and that plaintiffs are citizens of Kuwait, *id.* at 4 ¶¶ 4-5, and that "the Complaint seeks unspecified damages that will exceed $75,000." *Id.* at 4 ¶ 6. Plaintiffs served defendants with the suit on September 23, 2015, and September 24, 2015. ECF 10 at 1 ¶ 1, Statement Concerning Removal on Behalf of All Defendants.[2]

On October 26, 2015, thirty-four days after the case was removed to this Court, plaintiffs filed a Motion For Remand, accompanied by a Memorandum of Law (filed jointly as ECF 11) (collectively "Motion"). Defendants oppose the Motion. ECF 13, Opposition. Plaintiffs have not filed a reply and the time to do so has expired.

The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will DENY the Motion.

---

V. Franklin Sechriest, orthopedic surgeon, for treatment of her right leg." However, Dr. Lifchez and Dr. Sechriest are not named as defendants.

[2] Plaintiffs assert, ECF 11 at 4:

> Defendants likely took advantage of pre-suit notice of Plaintiffs' allegations to troll the Baltimore City Court docket to position themselves to employ a defense strategy that has come into vogue fairly recently, and which has been characterized by some courts as unacceptable "gamesmanship." They removed Plaintiffs['] case to this Court before they were served with process.

# I. Discussion

Section 1332(a) of Title 28 of the United States Code grants federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of a State and citizens or subjects of a foreign state . . . ." *Id.* § 1332 (a)(2). Plaintiffs do not dispute defendants' assertion on removal that the amount in controversy exceeds the jurisdictional threshold of $75,000, and that this case involves a dispute between "citizens of a State and citizens or subjects of a foreign state." In particular, plaintiffs agree "that each defendant is a citizen of Maryland." ECF 11 at 6 n.4. In addition, the Motion identifies plaintiffs as "foreign nationals," *id.* at 3, and plaintiffs do not dispute the assertion in ECF 1 that they are citizens of Kuwait. Thus, there is no dispute that the suit could have been brought in federal court based on diversity.[3]

In the Motion, plaintiffs assert: "In 2012, Azari Almutairi, then a Kuwaiti Bank vice-president, traveled to Maryland for the sole purpose of undergoing complex surgery . . . ." ECF 11 at 3. They add: "Johns Hopkins Hospital actively solicits patients from across the world to travel to Baltimore, Maryland for treatment." *Id.* at 3 n.1.

Plaintiffs claim in their Motion that defendants' removal violates the so-called "forum defendant rule" under 28 U.S.C. § 1441(b)(2). *See* ECF 11 at 5, Motion. Section 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under

---

[3] Section 1332(a)(2) contains an exception to original jurisdiction, not applicable here. It provides that "the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Although the Complaint states that "[a]t all relevant times" Azari and Ahmad Almutairi were each "a resident of the State of Maryland, residing in Baltimore County," ECF 2 at 5 ¶¶ 5-6, there is no allegation that plaintiffs are lawfully admitted for permanent residence in the United States and domiciled in Maryland.

section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

"Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (citation omitted), *cert. denied*, 549 U.S. 1207 (2007). But, "[t]he need for such protection is absent . . . in cases where the defendant is a citizen of the state in which the case is brought." *Id.* According to plaintiffs, given that all defendants are citizens of Maryland, remand is warranted. ECF 11 at 6; ECF 11 at 6 n.4; ECF 1 at 4 ¶ 5. In particular, plaintiffs argue that a literal application of § 1441(b)(2)'s "properly joined and served" provision would be contrary to congressional intent (*see* ECF 11 at 6) and encourage defendants to become "docket trolls," who opportunistically remove before service. *Id.* at 18.

Defendants counter that § 1441(b)(2)'s plain meaning applies the "forum defendant rule" only to forum defendants who have been "properly joined and served" before removal. *See* ECF 13 at 9-18, Opposition. Because the defendants were not served before removal, they contend that the rule is inapplicable.[4]

---

[4] Cases in this District are divided over whether the "forum defendant rule" bars preservice removal by forum defendants. Some cases interpreting § 1441(b)(1) apply the statute's plain meaning and permit preservice removal by forum defendants. *See, e.g., Al-Ameri v. The Johns Hopkins Hospital*, GLR-15-1163 (D. Md. June 24, 2015) (ECF 23) ("The Court will . . . apply the plain meaning of the statute in this matter."); *Robertson v. Iuliano*, No. RDB-10-1319, 2011 WL 453618, at *2 (D. Md. Feb. 4, 2011) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served. . . . In this case, applying the plain meaning rule does not lead to absurdity or an outcome at odds with congressional intent.") (citations omitted); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 735 (D. Md. 2006) (permitting removal because a forum defendant had not been served at the time of removal).

Defendants, however, argue, that the Court need not consider the application of the "forum defendant rule" because the Motion is untimely. *See id.* at 2-9. Title 28 U.S.C. § 1447(c) provides, in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[5]

---

Other cases take the contrary position. *See, e.g., Reimold v. Gokaslan*, No. CCB-15-1162, ___ F. Supp. 3d ___, 2015 WL 3645079 at *2 (D. Md. June 8, 2015) (remanding the case based on the "forum defendant rule" and stating: "Where, as here, every defendant is a citizen of the forum state, there is no such danger of opportunistic joinder. In such circumstances, application of the 'properly joined and served' exception to the forum-defendant rule would serve neither the general purpose of diversity jurisdiction nor the specific purpose of that exception. The court will not condone such an absurdity here."); *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 524 (D. Md. 2002) ("the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant")(citing *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939).

As discussed, *infra*, I resolve the Motion solely on the question of its timeliness. Therefore, I need not decide this issue.

[5] In 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3739, 797-804 (4th ed. 2009 & Supp. 2015), the authors state:

> According to most of the cases decided on the point, a defect in removal procedure within the meaning of Section 1447(c), as it was phrased prior to October, 1996, referred to any defect that did not involve the inability of a federal district court to entertain a suit as a matter of its subject-matter jurisdiction.[] Although this construction is clearly what Congress intended,[] a few cases took a contrary view and defined a defect in removal procedure for purposes of Section 1447(c) more narrowly.[] Such a narrow reading left a glaring omission: If "defects in removal procedure" did not encompass all nonjurisdictional defects, then a class of removed cases existed on which Congress had remained silent as to whether remand might be sought. That gap would have created an extremely unsatisfactory situation. The amendment to Section 1447(c) that became effective in October, 1996, eliminated the uncertainty, however. Section 1447(c) now explicitly provides that, "A motion to remand the case on the basis of any defect other [than] lack of [] subject matter

In their Opposition, defendants assert, ECF 13 at 1 (emphasis in original):

> Plaintiffs in this diversity case have waived their objection to proceeding in this Court by letting the 30-day deadline for seeking remand pass without filing any objection. Although parties can challenge this Court's subject matter jurisdiction at any time, the controlling federal removal statute requires plaintiffs to raise – or waive – whatever *procedural* objections to removal that they may have within 30 days after the removal notice is filed. Here, Plaintiffs failed to do so. Instead, they waited 34 days – four days past their statutory deadline – to file their motion for remand, which raises a merely procedural objection. As a matter of law, their objection is waived.

In *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196-97 (4th Cir. 2008), the Fourth Circuit said: "In the case where remand is based on a lack of subject matter jurisdiction, the remand order may be entered at any time, for jurisdiction goes to the very power of the court to act. . . . But in the case where remand would be justified by a defect in removal other than a lack of subject matter jurisdiction, the defect must be asserted by a party's motion to remand filed within 30 days." (Citations omitted); *see Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) ("Failure of all defendants to join in the removal petition does not implicate the court's subject matter jurisdiction. Rather, it is merely an error in the removal process. As a result, a plaintiff who fails to make a timely objection waives the objection. *See* 28 U.S.C.A. § 1447 (c) . . . ."); *Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994) ("A motion to remand the case because of a defect in removal procedure must be made within 30 days after filing the notice of removal. 28 U.S.C. § 1447(c). An untimely removal is a defect in removal procedure."), *cert. denied*, 515 U.S. 1103 (1995); 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3739, at 804-815 (4th ed. 2009 & Supp. 2015) (hereinafter "Wright & Miller") ("After the expiration of the

---

jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

30-day period following the filing of the removal notice, the right to object to nonjurisdictional defects in the removal process is considered waived. The expiration of this time period bars both a motion to remand (for nonjurisdictional defects) by any of the parties and a sua sponte remand on such grounds by the district court.").

The Fourth Circuit has said: "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941)). "Federal courts strictly observe the thirty-day deadline for filing motions to remand." *Alter v. Bell Helicopter Textron, Inc.*, 944 F. Supp. 531, 535 (S.D. Tex. 1996). *See, e.g., Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995) (concluding that a motion to remand based on procedural defects, filed 34 days after notice of removal had been filed, was untimely and stating: "[A] district court has no discretion to remand to state court when a motion to do so is grounded on improper removal procedures and that motion is not made within thirty days following *filing:* Under such circumstances, the objection to remove jurisdiction resulting from a defect in the removal procedure is waived.")(emphasis in original); *Bell v. Arvin Meritor, Inc.*, No. 12-00131-SC, 2012 WL 1110001, at *1 (N.D. Cal. Apr. 2, 2012) ("Defendants filed the Notice of Removal on January 6, 2012, but Plaintiffs did not move to remand until thirty-four days later, on February 9, 2012. Accordingly, Plaintiffs['] Motion to Remand is untimely."); *Park v. McGowan*, No. 11-CV-3454 JG CLP, 2011 WL 4963759, at *6 (E.D.N.Y. Oct. 19, 2011) (concluding that plaintiff "has waived his non-jurisdictional objections to removal by filing his motion to remand 31 days after the notice of removal had been filed"); *Delew v. Las Vegas Metro. Police Dep't*, 108 F. Supp. 2d

1146, 1147-48 (D. Nev. 2000) (concluding that a motion to remand based on defendants' alleged violation of the procedural requirements of 28 U.S.C. §1446(b) was untimely as it was filed 31 days after the notice of removal was filed). *But see New Jersey Dep't of Envtl. Prot. v. Exxon Mobil Corp.*, 381 F. Supp. 2d 398, 402 (D.N.J. 2005) (rejecting *Pavone*, 52 F.3d 560, and concluding that procedural defects could be raised in a motion to remand "filed within thirty-three days of the filing of notice of removal" because Fed. R. Civ. P. 6(e) modified 28 U.S.C. § 1447(c)'s deadline where notice of removal is received by mail). "This statutory time limitation on motions to remand to state court prevents a party who is aware of a defect in the removal procedure from using the defect as insurance against unfavorable developments in the federal court proceedings." 14C Wright & Miller § 3739, at 815-18.

As noted, the docket reflects that defendants filed their Notice of Removal (ECF 1) on September 22, 2015, and that plaintiffs filed their Motion (ECF 11) 34 days later, on October 26, 2015. Aside from quoting the portion of 28 U.S.C. § 1447(c) that sets forth the 30-day deadline in which to seek remand for nonjurisdictional defects (ECF 11 at 5-6, Motion), plaintiffs do not address the timeliness of their Motion. In particular, plaintiffs do not suggest that they filed their Motion within thirty days of the filing of the notice of removal or that their failure to do so should be excused. *See* ECF 11. Rather, plaintiffs argue that, "[i]n light of the U.S. Supreme Court's principles of statutory construction, the removal statute's legislative history and the legislative intent" (*id.* at 6), preservice removal by a forum defendant does not defeat the "forum defendant rule." *See* ECF 11 at 6-17.

Because 28 U.S.C. § 1447(c)'s thirty-day deadline to move for remand on procedural grounds had passed when plaintiffs filed their Motion, I understand plaintiffs to assert, in effect,

that the "forum defendant rule" is a jurisdictional defect to removal and therefore not subject to § 1447(c)'s thirty-day deadline.  As I see it, the question before the Court is whether the "forum defendant rule" constitutes a procedural defect, or, instead, a jurisidcitional bar to removal that may be raised after the expiration of § 1447(c)'s thirty-day deadline in which to raise procedural defects.

"The Fourth Circuit has not addressed the question of whether removal before service defeats the removal bar provided in the forum-defendant rule . . . ." *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 549 (S.D.W. Va. 2015).  "There is a broad and growing divide among the district courts as to whether the forum-defendant rule bars pre-service removal based on diversity jurisdiction."  *Id.* at 550; *see id.* at 550-53 (discussing three approaches that district courts have taken in resolving this question).

Plaintiffs rely on Judge Blake's recent Memorandum in *Reimold v. Gokaslan*, No. CCB-15-1162, ___ F. Supp. 3d ___, 2015 WL 3645079 (D. Md. June 8, 2015), to support their claim that preservice removal does not exempt defendants from application of the "forum defendant rule."  *See* ECF 11-1.  There, Judge Blake remanded a case in which Johns Hopkins Hospital and two other defendants—all of them Maryland citizens—had removed a medical malpractice case from the Circuit Court for Baltimore City before being served in the state court action.  *Reimold*, 2015 WL 3645079 at *1.  Judge Blake said, *id.* at *2:

> Where, as here, every defendant is a citizen of the forum state, there is no such danger of opportunistic joinder. In such circumstances, application of the "properly joined and served" exception to the forum-defendant rule would serve neither the general purpose of diversity jurisdiction nor the specific purpose of that exception. The court will not condone such an absurdity here.

Plaintiffs' reliance on *Reimold* is misplaced. In *Reimold*, 2015 WL 3645079, the timeliness of plaintiff's motion to remand was not at issue; defendants filed their Notice of Removal on April 23, 2015, and plaintiff filed an "Emergency Motion to Remand and Supporting Memorandum" on April 30, 2015—a mere seven days later. *See* Docket. Accordingly, Judge Blake had no occasion to consider whether the plaintiff's motion to remand was timely pursuant to 28 U.S.C. § 1447(c).

I am unaware of any specific guidance from the Supreme Court or the Fourth Circuit concerning whether a motion to remand based on the "forum defendant rule" constitutes a procedural or a jurisdictional challenge to removal. *See Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011) (recognizing that the Fourth Circuit "has yet to rule on this question . . ."). However, "[o]f the ten circuits that have spoken on the issue, nine have found that removal by a forum defendant is a procedural defect, and thus waivable." *Id.* (citing "*Farm Constr. Servs., Inc. v. Fudge,* 831 F.2d 18, 22 (1st Cir. 1987); *Handelsman v. Bedford Vill. Assocs.,* 213 F.3d 48 (2d Cir. 2000); *Blackburn v. United Parcel Serv., Inc.,* 179 F.3d 81, n.3 (3d Cir. 1999); *In re Shell Oil Co.,* 932 F.2d 1518 (5th Cir. 1991); *Handley–Mack Co. v. Godchaux Sugar Co.,* 2 F.2d 435, 437 (6th Cir. 1924); *Hurley v. Motor Coach Indus., Inc.,* 222 F.3d 377, 380 (7th Cir. 2000); *Lively v. Wild Oats Markets, Inc.,* 456 F.3d 933 (9th Cir. 2006); *Am. Oil Co. v. McMullin,* 433 F.2d 1091 (10th Cir. 1970); *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368 (11th Cir. 1998).").[6]

---

[6] The Eighth Circuit takes the contrary position that the "forum defendant rule" is jurisdictional. *See Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992) ("Title 28 U.S.C. § 1441(b) makes diversity jurisdiction in removal cases narrower than if the case were originally filed in federal court by the plaintiff. A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed. .

In *Lively*, 456 F.3d 933, the defendant in the underlying district court action had removed the case from a California state court, "asserting that diversity jurisdiction existed under 28 U.S.C. § 1332 because it was a citizen of Delaware, its state of incorporation, and Colorado, its principal place of business, and that [plaintiff] was a citizen of New York. [Defendant] also alleged that the amount in controversy exceeded $75,000." *Id.* at 936. Plaintiff did not seek remand. *Id.* "[A]fter discovery ensued and after [defendant] filed a motion for summary judgment, the district court issued an order to show cause why the case should not be remanded to state court. According to the district court, 'removal appear[ed] to be improper' because [defendant's] principal place of business was California, not Colorado." *Id.* Defendant argued "that removal was proper even if it were a California citizen because diversity jurisdiction still existed, and therefore the district court could only remand the case to state court if [plaintiff] so moved within the 30-day time limit imposed by 28 U.S.C. § 1447(c)." *Id.* Nonetheless, the district court remanded the case. *Id.*

Vacating the district court's remand order, *id.* at 942, the Ninth Circuit said, *id.* at 939:

> Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. . . . [W]e hold that this additional limitation on diversity-based removal jurisdiction is a procedural, or non-jurisdictional, rule. Our holding is compelled by a close analysis of the

---

. . . The fact that [plaintiff] could have invoked the original jurisdiction of the federal court initially is irrelevant. She did not. The jurisdiction of the lower federal courts, both original and removal, is entirely a creature of statute. If one of the statutory requirements is not met, the district court has no jurisdiction.")(citation omitted). In *FIA Card Servs., N.A. v. Gachiengu*, No. CIV.A. H-07-2382, 2008 WL 336300, at *3 n.1 (S.D. Tex. Feb. 5, 2008) the Court said: "The Eighth Circuit's decision [in *Hurt*] did not address section 1447, which had been amended in 1988 to include the thirty-day limitation, and failed to address the distinction between lack of subject-matter jurisdiction and other defects in removal that Congress had recognized."

legislative history of § 1447(c),[] the policy rationale of § 1441(b), the prevailing law of our sister circuits, and Supreme Court precedent.

Although the Fourth Circuit has not determined whether a motion to remand based on the "forum defendant rule" is procedural or jurisdictional, it has identified other procedural defects with removal to which 28 U.S.C. § 1447(c)'s deadline applies. In *Payne,* 439 F.3d at 203, for example, the Fourth Circuit identified a failure of "all defendants to join in the removal petition" as "merely an error in the removal process" that is subject to 28 U.S.C. § 1447(c)'s deadline. The Fourth Circuit cited cases from other circuits to distinguish procedural from jurisdictional objections to removal. *Id.* at 203-04. Based on the Fourth Circuit's citations in *Payne,* 439 F.3d at 203-04, a magistrate judge in the Fourth Circuit has concluded that "it appears that if faced with the issue . . . the Fourth Circuit would join the majority of circuit courts in holding that the forum defendant rule is merely procedural and may, therefore, be waived." *Ada Liss Grp. v. Sara Lee Branded Apparel*, No. 1:06CV610, 2007 WL 634083, at *4 (M.D.N.C. Feb. 26, 2007) (order denying, in relevant part, a motion for remand).

District courts in the Fourth Circuit have followed the majority approach articulated by the Ninth Circuit in *Lively*, 456 F.3d 933. In *Councell*, 823 F. Supp. 2d at 370, for example, the court considered a motion to remand filed 49 days after defendant had removed the case from a West Virginia state court based on both federal question and diversity jurisdiction. *Id.* at 372-73, 378. The motion to remand contended, in relevant part, that defendant improperly removed the case "because of the forum defendant rule, as [defendant's] principal place of business is the state of West Virginia." *Id.* at 373. Following *Lively*, 456 F.3d 933, the court concluded that a "failure to comply with [the] forum defendant rule is a procedural defect and the ability to remand based upon violation of § 1441 is waivable under § 1447(c)." *Id.* at 379. Accordingly,

the court found plaintiffs' objection as to the "forum defendant rule" untimely pursuant to 28 U.S.C. § 1447(c) and therefore waived. *Id.* at 378-80.

Other courts, both in this District and elsewhere in the Fourth Circuit, have articulated a similar approach. *See, e.g., Grafton v. Lourenco*, No. BPG-15-928, 2015 WL 7273152, at *2 n.3 (D. Md. Nov. 18, 2015) ("This court's review is premised on 1447(c), which authorizes remand where subject matter jurisdiction is lacking. . . . [T]he court's conclusion regarding [defendant's] Maryland citizenship, discussed herein, indicates that removal was also improper on the basis of 28 U.S.C. § 1441(b)(2), which prohibits removal by forum defendants. As objections to removal based on § 1441(b)(2) may be waived (and would be in this case), however, this defect does not require further discussion."); *Clarke v. Dunn*, No. DKC-13-2330, 2014 WL 4388344, at *1 n.1 (D. Md. Sept. 4, 2014) (concluding that a motion to remand based on the "forum defendant rule" found in 28 U.S.C. § 1441(b)(2) would raise a procedural defect and therefore be subject to 28 U.S.C. § 1447(c)'s deadline); *Ross v. Mayor & City Council of Baltimore*, No. ELH-14-369, 2014 WL 2860580, at *7 ("The 'forum-state defendant rule' found in 28 U.S.C. § 1441(b) (2) is widely regarded as procedural, rather than jurisdictional. . . . In this case, the Joint Notice of Removal was docketed on February 6, 2014. Yet, plaintiff did not file the Motion to Remand until April 4, 2014, well outside the thirty–day window permitted under 28 U.S.C. § 1447(c). Given that the 'forum-state defendant' basis for remand is procedural, rather than jurisdictional, plaintiff's motion was untimely.") (citations omitted); *Sherman v. Sigma Alpha Mu Fraternity*, 128 F. Supp. 2d 842, 844 (D. Md. 2001) (construing case law for "the proposition that, if complete diversity exists, removal by a resident defendant is [a] procedural defect that does not deprive the federal court of subject matter jurisdiction"); *Ravens Metal Products, Inc. v. Wilson*,

816 F. Supp. 427, 428 (S.D.W. Va. 1993) ("Courts and commentators addressing the precise question have uniformly held that a defendant's residency in the forum state is a waivable procedural defect.").

Defendants also observe: "Plaintiffs' own cases prove that the forum-defendant rule is a waivable procedural matter and not jurisdictional." ECF 13 at 6, Opposition. For example, plaintiffs cite extensively to *Councell*, 823 F. Supp. 2d 370, and *Lively*, 456 F.3d 933, to explain the logic underpinning the "forum defendant rule." *See* ECF 11 at 6-7, Motion. However, plaintiffs do not indicate that *Councell*, 823 F. Supp. 2d 370, and *Lively*, 456 F.3d 933, also stand for the proposition that a motion to remand pursuant to 28 U.S.C. § 1441(b)(2) raises a procedural objection that must be brought within thirty days of the filing of a notice of removal pursuant to 28 U.S.C. § 1447(c).

## II.    Conclusion

I am persuaded that removal by a forum defendant in contravention of 28 U.S.C. § 1441(b)(2) is a procedural defect that, pursuant to 28 U.S.C. § 1447(c), must be raised in a motion to remand within thirty days of the filing of a notice of removal. Here, plaintiffs did not file a motion for remand within thirty days of the filing of the notice of removal. Therefore, they waived any objection to procedural defects, including removal by a forum defendant. Accordingly, plaintiffs' Motion is denied.

A separate Order follows, consistent with this Memorandum.

Date:   January 8, 2016                              /s/
                                            Ellen Lipton Hollander
                                            United States District Judge